[No. 643.  Decided November 18, 1893.]

ANNIE SEARS *et al.*, *Respondents*, v. SEATTLE CONSOLIDATED STREET RAILWAY COMPANY, *Appellant*.

JUDGMENT ON SUPERSEDEAS BOND — MODIFICATION — LIABILITY OF SURETIES.

Where a judgment rendered by the supreme court upon a *supersedeas* bond conforms to the terms and conditions thereof, the court is not called upon to grant any relief against a judgment irregularly entered, when the showing made for relief does not in any way attack the regularity or binding force of such bond.

Where a *supersedeas* bond shows on its face that judgment in a certain amount only is authorized thereby, the judgment thereon actually rendered by the court must be held to have been only in that amount, and a judgment entry for a greater amount must be held to be simply an inadvertent entry.

Although a *supersedeas* bond may not have been given in double the amount of the judgment, as required by the statute, yet a surety who signs such bond, which is drawn for a certain definite amount, and in no manner upon its face discloses anything which must increase such amount, is not estopped from asking that his liability be limited to the amount named.

*Appeal from Superior Court, King County.*

Opinion on motion to modify judgment upon *supersedeas* bond.

*Wiley, Scott & Bostwick*, for appellant.
*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

Hoyt, J.—The question of jurisdiction raised by the respondents has been substantially decided adversely to their contention in an opinion just filed in the case of *Bell v. Wandby, ante,* p. 203, and upon the authority of that case we must overrule such plea, and decide the motion on its merits.

At the time the first judgment was rendered in this court on motion of the respondents, it was so rendered upon the transcript of the bond which was then a part of the record, and, of course, was rendered against the appellant and the sureties named in such bond. The fact that the motion for such judgment recited others as sureties, in addition to those thus named, could in no manner authorize this court to enter a judgment against persons not shown by the transcript to be sureties. It follows that such judgment was regularly entered so far as the action of this court and its clerk was concerned. Subsequently, on motion of respondents and upon the suggestion that the transcript did not contain all of the record, and the bringing here of a certified copy of another bond, which, though a part of the record in the court below, had

not before been brought here, such judgment was set aside and a new judgment against the appellant and the sureties named in said second bond duly entered. This second judgment is the one which it is now sought by the sureties named therein to have set aside for various reasons assigned in their motion, which is supported by the affidavits of several of the sureties.

There is some question as to whether or not the sureties, as such, had proper notice of the motion for this second judgment, but it is not necessary for us now to decide that question, for, even if they did have proper notice, only such a judgment could have been properly entered as the terms of the bond, which was its foundation, authorized; and, if they did not have such notice, there is nothing in the showing which would justify this court in setting aside such judgment, if in fact it was authorized by the terms of the bond. To state it differently, such showing does not, in any way, attack the regularity or binding force of such bond, and for that reason the court is not called upon to grant any relief, even against a judgment irregularly entered, so long as it conforms to the terms and conditions thereof. The principle that courts will not set aside a judgment however irregularly entered unless the party moving therefor shows *prima facie* the right to substantial relief in the event of such judgment being set aside, is well established. Courts will never set aside judgments of this class when, so far as the showing of the moving party is concerned, its only duty after doing so will be to enter another judgment equally as burdensome as the one set aside. It follows from what we have said, that the relief granted upon motion of the sureties must be confined to the excess of the judgment, if any, beyond that authorized by the terms of the bond. If in fact it was more burdensome upon these sureties than the bond authorized, we have no doubt of our duty to correct it upon our own mo-

tion, even if our attention was called to the fact. The motion for judgment against such sureties must be held to have included therein the bond, and the judgment rendered by the court could only properly be rendered in accordance with the terms thereof; and if such bond showed upon its face that judgment only in a certain amount was authorized thereby, the judgment actually rendered by the court must be held to have been only in that amount, and anything beyond must be held to have been inadvertently included in said judgment.

This brings us to a consideration of the question as to what judgment was authorized by this bond. It was given to supersede a judgment in the sum of $15,000, beside costs. It was, however, in the penal sum of only $16,000 instead of in the sum, required by the statute, of at least double the amount of the judgment. It is doubtful whether or not such a bond, even though approved by the court, did in fact supersede such judgment, but that question is not now before us. It was given by the principal for that purpose, and it cannot take advantage of any imperfections appearing therein, nor can the sureties in so far as they are bound by the terms thereof. We are, however, unable to agree with the contention of the respondent that the sureties in this regard stand in the same situation as the principal. For, while it is doubtless true that when enough appears in such a bond to show the object for which it was given, they, as well as the principal, will be estopped from denying that such was the object; beyond that we cannot go, and hold that a surety who signs a penal bond in a certain definite amount which in no manner upon its face discloses anything which must increase such amount, is thereby estopped from asking that his liability shall be limited to the amount named.

A surety may well look only to the penal sum in which he acknowledges himself indebted and in which amount,

upon the failure of compliance with the conditions of the bond, he agrees to be held liable.    He is not called upon to investigate records or facts outside of the face of the bond, but is justified in relying upon the terms thereof. Applying these rules to the case at bar, we are unable to find anything in the conditions of this bond which, in any manner, establishes a liability on the part of the sureties named therein beyond the $16,000, in which sum they acknowledge themselves indebted.    The conditions having been violated, the bond in that amount is in full force as against them, but there is nothing to show in any manner why they should be held liable for a greater amount.

It follows that the judgment rendered on said bond should have been limited to the $16,000 named therein, and that when this court granted the motion of respondents for judgment thereon, the judgment which it really rendered was one against the principal and sureties for $16,-000, and no more, and that so far as the judgment entry was for a greater amount, it was simply an inadvertent entry.   Such judgment must, therefore, be set aside and a new one entered against the appellant and the sureties named in said bond, as of the same date, for the said sum of $16,000.    Let this be done and the cause then again remitted to the lower court for the carrying into execution of the judgment so entered.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.