[No. 3906.     Decided April 2, 1902.]

ANNA SEARS, *Appellant*, v. E. C. KILBOURNE *et al.*, *Respondents*.

JUDGMENT LIEN — PROCEEDINGS TO REVIVE — LIMITATIONS — DATE OF RENDITION.

Where a *nunc pro tunc* order modifying a judgment in the supreme court against sureties upon an appeal bond was made as of the date of the judgment on the bond originally rendered, the period of limitation for purposes of revival of such judgment, as permitted by Code Proc., § 463, which provides that "no judgment shall be revived or continued unless proceedings for such revival or continuance shall be commenced within six years from the date of its rendition," begins to run from the date of rendition of the judgment and not from the date of its modification.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*John E. Humphries* and *Harrison Bostwick*, for appellant.

*James Leddy* and *George A. Hawley,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, in 1892, obtained a judgment against the Seattle Consolidated Street Railway Company, which judgment was affirmed by this court on the 16th day of June, 1893, and judgment entered on the appeal bond against the respondents, who were sureties thereon. *Sears v. Seattle, etc., Street Ry. Co.,* 6 Wash. 227 (33 Pac. 389, 1081). Afterwards, and before the remittitur went down, the sureties moved in this court for a modification of the judgment entered against them, showing that the entry was for a greater amount than they had obligated themselves to pay by the appeal bond. This motion was granted by the court; the order being to set aside the former judgment and enter a new one, "as of the same date" for the amount of the obligation named in the bond. This order was made on November 18, 1893, and entered in this court on the same day. 7 Wash. 286 (34 Pac. 918). The remittitur thereon was sent down and filed for record in the superior court on November 21, 1893. On July 3, 1899, the judgment creditor (appellant here) filed a motion in the superior court to revive the judgment, averring therein that more than five but less than six years had elapsed since its entry, and that the same had not been fully paid. A demurrer interposed to the motion having been overruled, the respondents answered, denying certain averments contained in the motion, and pleading affirmatively that the proceedings had not been begun within six years after the date of the rendition of the judgment, and certain facts tending to show an accord and satisfaction. No reply was filed to the answer within the statutory time, and judgment was afterwards entered denying the motion to revive. The appellant moved to vacate this last men-

tioned judgment, basing her motion upon affidavits tending to show mistake, inadvertence, and excusable neglect. This appeal is from the order refusing to grant the motion to vacate.

The statutes of this state limit the lien of a judgment to five years from the date of its rendition, whether the same be a judgment of this court, the superior court, or that of a justice of the peace; providing, however, that, where an appeal is taken to the supreme court on any judgment "the date of final judgment in the supreme court shall be the time from which said five years shall commence to run." Bal. Code, § 5132, 5143. The statute further provides that upon the affirmance of a judgment on appeal for the payment of money, and in certain other cases, the supreme court shall render judgment against both the appellant and the sureties on the appeal bond for the amount of the judgment appealed from in all cases where the bond is "conditioned so as to support such judgment"; that is to say, is conditioned according to the requirements of the statute for a stay of execution. Bal. Code, § 6523. It is also provided that the supreme court may, when it affirms a judgment appealed from and enters judgment upon the appeal bond, cause execution to issue on the judgment direct, or it may remand it to the superior court to have it carried into effect; and when the court makes the latter order such judgment, when certified and entered on the records of the court below, has the same force and effect as if rendered by that court. Id. § 6525. It is clear from these provisions of the statute that a judgment creditor, in a case where the judgment appealed from is accompanied by a bond conditioned to perform the judgment, and is affirmed by this court, has two judgments for the same cause of action,—the one which this court affirms, and

another which it enters on the appeal bond. These judgments are, of course, mutual and interdependent, in so far, at least, as the satisfaction of one will operate as the satisfaction of the other; and it is doubtless for this reason that § 5143 of the statute fixes the time for the commencement of the running of the five year limitation on the lien of judgments appealed from at the date of final judgment thereon in this court; the intention being to make the lien expire upon both judgments at the same time. The statute further provides that the lien of a judgment may be revived and continued by certain prescribed proceedings after the expiration of five years from the time of its rendition for another five year period, if proceedings therefor are commenced within six years from the date of its rendition; the language of the statute fixing the time within which proceedings for such revival must be commenced being as follows: "That no judgment shall be revived or continued unless proceedings for such revival or continuance shall be commenced within six years after the date of its rendition." See 2 Hill's Code, § 463. The limitation, it will be noticed, commences to run from the date of the rendition of the judgment, not from the date of its entry.

"The rendition and the entry of a judgment are entirely different things. The first is a purely judicial act of the court alone, and must be first in the order of time, while the entry is merely evidence that a judgment has been rendered, and is purely a ministerial act." 18 Enc. Pl. & Pr. 430.

It may be well to remark here that the Code throughout seems to recognize this distinction. While it speaks in many places of the rendition and the entry of a judgment, we have found no instance where it can be said that the one has been used as if synonymous with the other.

The material inquiry, then, is, when was the judgment sought to be revived rendered? As we have shown, it is a judgment of this court, rendered upon an appeal bond, and remanded to the superior court to be carried into effect. The record of this court, therefore, must be examined to determine the question. This record, as recited above, shows that a judgment was rendered upon the appeal bond on the 16th day of June, 1893, and entered upon the same date; that afterwards, and on the 18th day of November, 1893, this judgment was ordered set aside, and a new one entered as of the same date. But, notwithstanding the form of the order, it is evident from an inspection of the opinion filed which directed the change in the entry that the court did not render a new judgment at that time. In the course of the opinion it was said, "that the relief granted upon motion of the sureties must be confined to the excess of the judgment, if any, beyond that authorized by the terms of the bond"; and, "if such bond showed upon its face that judgment only in a certain amount was authorized thereby, the judgment actually rendered by the court must be held to have been only in that amount, and anything beyond must be held to have been inadvertently included in said judgment"; and again, "it follows that the judgment rendered on said bond should have been limited to the $16,000 named therein, and that when this court granted the motion of respondents for judgment thereon, the judgment which it really rendered was one against the principal and sureties for $16,000 and no more, and that, so far as the judgment entry was for a greater amount, it was simply an inadvertent entry." These citations make it clear that it was the judgment entry, and not the judgment rendered, which was erroneous, and that the error should be corrected by a

correction of the judgment entry. This view is also consistent with that part of the order which directs that the new entry be made as of the date of the original entry. As the entry of a judgment is but the evidence of the rendition of a judgment, the court has power to supply such an entry, or amend it so as to make it speak the truth, whenever the omission or error is called to its attention—this, of course, subject to the intervening rights of innocent third parties—and in so doing may antedate the order. It may also in certain well defined cases render and enter *nunc pro tunc* a judgment. But this power is never resorted to for the purpose of correcting judicial errors in the rendition of judgments. Indeed, the power to correct an error in the rendition of a judgment and re-enter the same *nunc pro tunc* has generally been denied to inferior courts, though such courts may be courts of general jurisdiction (see note to *Ninde v. Clark*, 4 Am. St. Rep. 831); and an appellate court will hardly exercise a power which it denies to a court within its appellate jurisdiction, when its right to do so must rest upon a principal equally applicable to both courts.

It is concluded, therefore, that the judgment sought to be revived was rendered in this court on June 16, 1893, and that the motion to revive the same came too late. This conclusion renders it unnecessary to discuss the question suggested by the other branch of the case.

The order appealed from is affirmed.

REAVIS, C. J., and HADLEY, WHITE, MOUNT, ANDERS, and DUNBAR, JJ., concur.