[No. 4449. Decided March 26, 1903.]

THE STATE OF WASHINGTON *on the Relation of Mary E. Brown, Respondent,* v. CHARLES R. BROWN, *Appellant.*

JUDGMENT — REVOCATION BEFORE ENTRY — POWER OF COURT.

Under Bal. Code, § 5119, which provides that "all judgments shall be entered by the clerk, subject to the direction of the court," an order of the court though signed and handed to the clerk for entry, does not become a finality until its actual entry, but may be recalled, and modified or annulled, at any time before it has been spread upon the journal.

ALIMONY — EFFECT OF REMARRIAGE OF PARTY BOUND TO PAY.

The subsequent remarriage of a divorced husband will not relieve him from the obligation of a decree to pay alimony for the support of his divorced wife and minor child, even if the additional burdens imposed by such remarriage tend to exhaust his earnings, since his divorced wife and child have a prior claim thereon, until the modification of the decree in a direct proceeding therefor.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*P. F. Quinn,* for appellant.

*Graves & Graves,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—On May 3, 1902, relator filed an affidavit in the superior court of Spokane county, alleging, substantially, that on the 18th day of November, 1897, relator and appellant were divorced by a decree of the superior court of said county; that by the decree the relator was awarded the care and custody of their minor child, and also awarded $50.00 per month alimony for the support of herself and child; that the appellant has failed to comply with the terms of said decree in that he has not paid relator the sum of $90 due in accordance with the terms thereof, and has refused so to do, and informed relator that he does not intend to comply therewith; that relator has no other means of support, and that appellant is able to comply with the terms of said decree. On the filing of this affidavit the appellant appeared and filed an answer to the affidavit of relator, by which answer he in substance denied that he had disobeyed the order and decree of November 18, 1897, and alleged that he had endeavord to the best and utmost of his ability to comply therewith; denied that he had informed relator that he intended to disregard the terms of said decree, and denied that relator has no other means of support; alleged that relator has invested, in interest-bearing securities, which interest is paid promptly, the sum of $1,800, given and transferred to her by appellant prior to the commencement of her action for divorce, and also that relator has a comfortable home in the state of Illinois; that he is entirely unable to perform the conditions of said decree; that since the said decree he has intermarried, and by his changed relation is required to support his present

family, at an expense of $95 a month; that he is working at a salary of $112.50 per month; and has no other source of income.   Upon the issues thus made the cause came on for trial on the 16th day of May, 1902.   The relator offered in evidence a copy of the decree and rested.   The appellant thereupon testified in his own behalf, and rested. Thereupon the cause was continued until the next day when the court heard the argument of counsel for appellant.   Counsel for relator did not argue the case, but requested permission of the court for an opportunity to submit a brief of argument and authorities upon the issues involved.   The court granted this request.   Thereupon the court took the case under advisement and. for argument. Upon June 2, 1902, before briefs were submitted to the court, and without notice to relator, the court announced a decision from the bench, finding the defendant unable to pay the alimony, and dismissed the contempt proceedings, at the same time requesting the attorney for appellant to prepare an order to that effect, which was done. The judge signed the order as follows, omitting the title of the cause:

" On this second day of June, 1902, this cause came regularly on for hearing by the court on the petition of relator for the punishment of the defendant as for contempt, or the payment of the amount provided for in the decree heretofore entered, and, after hearing said petition and the argument of counsel, and the court being fully advised in the premises, it is by the court ordered that said petition be and the same is hereby denied, and said proceeding be and the same is hereby dismissed at relator's cost.

Leander H. Prather, Judge."

On the next morning counsel for relator appeared in court, and stated that he had been informed that the court had rendered a decision in the cause, and, being informed

by the court that he had announced the decision in said cause, counsel for relator made the following statement:

"Your honor will recollect that this matter was taken under advisement subject to the right of counsel to submit briefs of argument and authorities upon the issues involved. We prepared our brief, served the same upon counsel for defendant on May 29th, and have not received his copy in reply as yet, and therefore had no reason to believe that your honor would decide this matter until both briefs were filed. We were not present in court yesterday when the decision was announced and had no notice of such contemplated action. We have here our briefs, and desire an opportunity to submit the same to your honor before this matter is decided."

Whereupon the court made the following statement and ruling:

"I had forgotten that this matter was to be submitted on briefs, but I now recollect that such order was made. The order that I made yesterday was therefore made through a mistake of that fact. Mr. Clerk, has that order been entered?"

To which the clerk replied, "No, sir." The court then said: "Very well, you will not enter that order. That order will be withdrawn. The court will withhold its decision until the briefs have been examined." Thereafter, on the 12th day of June, the court made findings that appellant had neglected and refused to pay the sum of $90 due under the decree, adjudged him in contempt, and ordered him into custody until the said sum shall be paid according to the terms of said decree. This appeal is prosecuted from this order.

The appellant maintains: (1) That the order signed by the judge on June 2d was a finality, and that the court thereafter had no jurisdiction to make any findings or render a different judgment in the case; and (2) that, if

the order of June 2d was not final, the court erred in making finding No. 7 requested by relators, and in refusing to find Nos. 6 and 7 requested by appellant.

In *Quareles v. Seattle,* 26 Wash. 226 (66 Pac. 389), this court said:

"There is a clear distinction between the making or rendering of a judgment and its entry. The judgment is made or rendered when the court announces it or signs the judgment, as is the common practice, and returns the signed judgment to counsel. It is entered when it is placed on record by the clerk."

And we held in that case that the judgment became effective as a judgment when it was rendered and filed with the clerk; that the filing by the clerk was the entry. In *Barthrop v. Tucker,* 29 Wash. 666 (70 Pac. 120), we said:

"In *Sears v. Kilbourne,* 28 Wash. 194 (68 Pac. 451), which is probably the last expression of opinion by this court on the subject, where the judgment was affirmed as against an appellant and the sureties on the appeal bond, and an order was afterwards made by this court setting aside the former judgment and entering another judgment to reduce the judgment against the sureties to the amount for which they were liable on their bond, we held that judgment was rendered on the first date, within the meaning of the Code, and we quoted approvingly from 18 Enc. Pl. & Pr., 430, where it is said: 'The rendition and the entry of a judgment are entirely different things. The first is a purely judicial act of the court alone, and must be first in the order of time, while the entry is merely evidence that a judgment has been rendered and it is purely a ministerial act.' So, in this case, the essential thing sought by the plaintiff in the action was the judicial act of announcing or rendering the judgment. Everything that followed, including the preparation by the attorney of the journal entry, its signing by the judge, and the

spreading of the same upon the journal by the clerk, was purely ministerial, evidence simply of the judicial act of the announcement or rendition of the judgment."

In none of these cases was there any question as to when the court lost control of the judgment. The statute, at § 5119, Bal. Code, provides:

"All judgments shall be entered by the clerk, subject to the direction of the court, in the journal, and shall specify clearly the amount to be recovered, the relief granted, or other determination of the action."

In this case, at the time of the trial, the court reserved the cause for further argument, and no definite time was fixed therefor. Subsequently, on June 2d, before the written briefs had been submitted to the judge, and when he had forgotten that he had the case under advisement to be argued on briefs, he made an order dismissing the cause, and the order was handed to the clerk. Before the clerk filed the order or entered the same upon the journal, the court, upon discovering his inadvertence, recalled it, and directed the clerk not to enter it. We think the court clearly had the right to do this at any time before the order was filed or actually entered upon the records. In *Condee v. Barton,* 62 Cal. 1, it is said:

"There is no judgment which is final until a judgment is recorded."

And in *Broder v. Conklin,* 98 Cal. 360 (33 Pac. 211), the court said:

"The judgment which was prepared and signed by Judge Rooney could not be effective as a judgment until it was filed with the clerk. Until then it was but a purpose in the breast of the judge, which could be changed as he might determine. Whether he deposited it in the post-office to be transmitted to the clerk, or himself carried it in person to the office of the clerk, is immaterial. Until

it was actually filed it did not become a part of the records in the case and consequently was not a judgment."

It is probable that, if the clerk had either filed or entered the order in his journal the order would then have passed beyond the control of the court, except to vacate or modify the same under the statute with reference thereto. But where the same had only been delivered to the clerk, who had not filed it, and no entry thereof was made by him, the court had authority, under the statute above quoted, to direct when it should be entered, or to direct that it should not be entered at all. We therefore think the court did not lose jurisdiction of the proceedings on June 2d, but was authorized thereafter to enter a final judgment upon the merits.

Appellant requested the court to make findings as follows:

"The court finds that the defendant Charles R. Brown, prior to the entry of the decree, turned over to the relator herein all of the property he then possessed of every kind and nature whatever, except only a certain life insurance policy upon his own life, which he subsequently disposed of for the sum' of $1,300 which money (*together with that which was possible to spare out of his said salary*) was paid over to said relator in compliance with and performance of said decree and that he has now no property of any kind or nature out of which he can obtain any money, and the only income he is now receiving is $112.50 salary as aforesaid; that his family expenses now and for a long time have been $95 per month as follows, to-wit: "House rent $20; light and fuel $5; provisions $45; clothing $20; incidental expenses $5; (*all of which is necessarily required for the maintenance and support of his present family.*)"

The court made this finding, except the words italicized and included in brackets, which were found not true. The

court also refused to find, " that the defendant has made an honest effort to comply with and perform the decree aforesaid, but is unable to do so," but found as follows:

"That Charles R. Brown is able to comply with said decree and is able to pay relator for her maintenance and support and the support of her minor child, the sum of $50 for each and every month, and that said defendant has wilfully disobeyed the order of said court by failing and refusing to pay relator the sum of $50 per month as required and provided by said decree."

The appellant was the only witness in his own behalf, and he testified, substantially, that he was employed as paying teller in a bank at Spokane at a monthly salary of $112.50; that he is a married man, was married about three and one-half years prior to the trial, and has no other income than his salary, and no property; that at the time of the decree of divorce he cashed an insurance policy on his life, on which he realized the sum of $1,300; that with this money, and what he could spare from his salary, he had paid the alimony since the decree; that he has no money now except his salary; that the expenses of himself and wife actually necessary were $95 per month, itemizing these expenses; that his salary and position now are the same as when the decree of divorce was rendered. He also admitted that the sum of $90 was then due according to the terms of the decree, and that he had refused to pay more than $35 per month because he was unable to do so. This evidence went only to the ability of the appellant to pay the $50 per month. He admitted that he was earning $112.50 per month, and that his income had not changed since the decree of divorce was rendered. The only change in his financial condition is that the $1,300 which he received about the time of the decree has been consumed, and the further change that he has since re-

married. He testifies that the necessary expenses of himself and present wife are $95 per month. The decree of divorce fixed the amount which appellant must pay to respondent. That decree is final until it is modified, and must be complied with by the appellant so long as he is able to do so. It cannot be collaterally attacked or modified in this proceeding. A failure to comply with the terms of the decree subjects the appellant to the penalty for contempt unless he shows his inability to perform the terms thereof. When it is shown that he receives a monthly salary of $112.50, his ability to pay $50 is certainly shown, unless prior claims thereon are shown. None are shown here. While the appellant, under the law of this state, may after the decree of divorce legally remarry, the fact of a subsequent remarriage cannot relieve him of the obligation fixed by the decree. If his monthly income after divorce was sufficient to support himself alone and to pay his divorced wife the alimony allowed, he could not by his subsequent marriage set aside the decree, or be heard to say that the additional burdens which he himself thereby assumed made him unable to comply with the decree. The divorced wife and minor child have a fixed and prior claim upon the earnings of appellant, which appellant for his own comfort may not take away. We think the findings made were correct.

The judgment is therefore affirmed.

DUNBAR and HADLEY, JJ., concur.

FULLERTON, C. J., and ANDERS, JJ., dissent.