[No. 4748.   Decided December 1, 1903.]

TACOMA NATIONAL BANK, *Plaintiff*, CHRISTIAN ANDERSON, *Assignee, Appellant*, v. OTIS SPRAGUE, *Respondent.*[1]

JUDGMENT—REVIVAL—PREMATURE ORDER—QUASHING EXECUTION. Under 2 Hill's Code, § 462, providing that a judgment may be revived upon motion at the end of five years, an order of revival before the five years have elapsed is void and execution issued thereon should be quashed.

SAME—LIEN—DURATION—STATUTES—REPEAL. Laws 1877, p. 66, § 326, providing that parties may continue the lien of a judgment before the expiration of the five-year period, was repealed by the code of 1881, which left out such provision in reenacting the law

[1]Reported in 74 Pac. 393.

relating to the revival of judgments, since by § 3319 all prior laws relating to the same subject were expressly repealed.

SAME—PREMATURE REVIVAL—ACTION ON JUDGMENT. A premature proceeding to revive a judgment by motion cannot be sustained upon the ground that one may have a judgment upon a judgment before the expiration of five years, since that must be done by an independent suit.

Appeal by Christian Anderson, assignee of a judgment, from an order of the superior court for Pierce county, Chapman, J., entered May, 6, 1903, upon motion of defendant, quashing a writ of execution issued upon the judgment. Affirmed.

*John A. Parker, John C. Stallcup,* and *J. W. A. Nichols,* for appellant.

*E. R. York,* for respondent.

MOUNT, J.—On June 24, 1894, the Tacoma National Bank obtained a judgment in the superior court of Pierce county against Otis Sprague, C. Van Horne, and R. W. Derrickson, jointly and severally, for $4,730 and costs. In November, 1897, the judgment was sold and assigned by the receiver of the Tacoma National Bank to the appellant, Christian Anderson. On December 29, 1898, Christian Anderson filed a motion for a revival of the judgment, alleging the making and entry of the judgment, the assignment thereof, and the amount due thereon after deducting a credit of $500 previously made upon execution. A summons as required by law was thereupon served upon the defendant Otis Sprague alone. No appearance by the defendants, or any of them, was made in response to this motion; and on January 19, 1899, an order was entered reviving the said judgment against Otis Sprague alone, for the amount then due, $6,151.40. On April 18, 1903, Christian Anderson caused a writ of execution to issue

upon the revived judgment, directing the sheriff of Pierce county to make the amount thereof out of the property of the defendant Otis Sprague. On April 30, 1903, Otis Sprague served, and filed in the superior court, a motion to quash the writ of execution upon several grounds, one of which was that the original judgment had become dormant, and had not been lawfully revived prior to the issuance of the writ of execution. The lower court sustained this motion, and entered an order quashing the writ, and suspended all further proceedings thereunder. From this order Christian Anderson appeals.

The principal question in the case is whether or not the revival proceedings were void by reason of the fact that the motion was made and the order of revival entered, within five years from the entry of the original judgment. The statute (§ 462, 2 Hill's Code) provides: "If any judgment remain unsatisfied in whole or in part at the end of five years after the date of its rendition, the lien thereof may be revived and continued as in this section provided;" and then follows a description of what the motion and notice shall contain, and the steps necessary to obtain the order of revival. All the provisions of the statute were strictly followed in this case, except that the motion was made and the order of revival entered before the expiration of the five-year period.

The respondent contends that the lower court was without jurisdiction to entertain the motion or to enter the order within the five-year period. The statute clearly provides that, if any judgment shall remain unsatisfied in whole or in part *at the end* of five years after the date of its rendition, the lien thereof may be revived or continued. It seems clear that the words "at the end" mean after the expiration of five years. Taken in connection with the

proviso in the next section (§ 463, 2 Hill's Code), as follows, "Provided, however, that no judgment shall be revived or continued unless proceedings for such revival or continuance shall be commenced within six years after the date of its rendition," it seems clear that the intention was that such proceedings must be taken at the end of five years, and within six years from the date of the rendition of the judgment sought to be revived. This court, in *Brier v. Traders' Nat. Bank*, 24 Wash. 695, 64 Pac. 831, in discussing these statutes, at page 709, said:

"The very term 'revive' means to restore or bring again to life. When revived it becomes again a new judgment, on which execution may issue as a personal liability, and it continues in existence for five years longer, from the date of the order of revival, and the lien thereof, like the judgment, an incident thereto, is a new creation, and dates from the order of revival, if a transcript is filed in twenty days; otherwise, the lien is suspended just as if it was an original judgment. The contention of the respondent that the proceedings to revive must be instituted 'at the end' of the five years, and not 'within' the year following, cannot be sustained. While § 462, *supra*, reads, if any judgment remains unsatisfied 'at the end of five years after the date of its rendition, the lien thereof may be revived,' etc., § 463, *supra*, says that 'no judgment shall be revived or continued unless proceedings for such revival or continuance shall be commenced within six years after the date of its rendition.' The law does not provide that revival proceedings shall be commenced 'at the end' of five years from the rendition of the judgment, but does provide that 'within a year'—that is, six years after the date of the rendition of the judgment—revival proceedings must be instituted. The judgment creditor is supposed to avail himself, within the five years, of the right to issue an execution, and exhaust thereunder the property of the judgment debtor upon which the judgment is a lien. The law then gives the judgment creditor, after the first five years, the

further right to have a new judgment for any unpaid balance, which, from the date of its rendition, will also become a lien for an additional five years, provided proceedings to revive such judgment are instituted within the one year, as we have stated."

See, also, *Packwood v. Briggs,* 25 Wash. 535, 65 Pac. 846; *Sears v. Kilbourne,* 28 Wash. 194, 68 Pac. 450.

The method of revival of judgments or liens is a purely statutory creation, following very closely the proceedings at common law by writ of *scire facias* for renewing judgments; but it was clearly the intention of our statutes that the proceedings should not be commenced until the end of five years from the rendition of the judgment, at which time the judgment and lien become dormant. This being true, the court was without jurisdiction to enter the order of revival before the end of five years, and the order was therefore a nullity.

It is claimed by appellant that the act of 1877, p. 66, § 326, wherein, under the chapter "Lien of Judgments," is found this language, "And provided also that parties may continue said lien by proceedings had before the expiration of said period of five years," has never been repealed, and is still in force. This provision was left out of the Code of 1881. The legislature of that year re-enacted the chapter on revival and continuance of judgments in the form found in the Code of 1881, and at § 3319 provided that the prior laws relating to the same subject were expressly repealed. This, we think, was a repeal of that part of the act of 1877 above referred to.

It is also argued by appellant that it is the settled doctrine of this court that one may have a judgment upon a judgment at any time within five years. This is, no doubt, true where an independent suit is brought upon a judgment, as was held by this court in *Citizens' Nat. Bank*

*v. Lucas,* 26 Wash. 417, 67 Pac. 252. But this proceeding was not an independent action upon the judgment. It purports to be, and was, instituted as a proceeding to revive the judgment and lien in the same court in the original case, under the express terms of the statute. As we have seen above, it was prematurely brought for that purpose, and the court had no jurisdiction to make the order of revival.

The order appealed from is therefore affirmed.

ANDERS, DUNBAR, and HADLEY, JJ., concur.