(January 29, 1926.)

## J. A. HUMBIRD, Appellant, v. DOROTHY HUMBIRD, Respondent-Appellant.

[243 Pac. 827.]

DIVORCE—ALIMONY FOR SUPPORT OF WIFE AND CHILD—ALLOWANCE MAY BE CHANGED.

1. Where a divorce is granted for the offense of the husband, the court has power at any time under C. S., sec. 4644, to modify the decree as to the amount awarded for the maintenance of the children of the marriage or the allowance to the wife for her support, as it may deem just, having regard to the circumstances of the parties respectively.

2. Where a divorce has been granted for the offense of the husband and an award has been made for the maintenance of the minor child of the marriage and the support of the wife, in a subsequent proceeding to increase such award where both parties appeal from the judgment modifying the original decree,

this court will examine the record and direct such further modification as it may deem just, having regard to the circumstances of the parties respectively.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Herman H. Taylor, Judge.

Application to modify decree of divorce as to allowance for maintenance of minor child and for support of wife. From judgment of modification both parties appeal. *Cause remanded with instructions to modify judgment.*

John P. Gray, W. C. McEachern and Robert H. Elder, for Appellant.

The court at any time may modify the original decree providing for the support and maintenance of the wife and children where the divorce has been granted for the offense of the husband. (C. S., secs. 4643, 4644; *Ex parte Spencer,* 83 Cal. 460, 17 Am. St. 266, 23 Pac. 396; *Cole v. Cole,* 142 Ill. 19, 34 Am. St. 56, 31 N. E. 109, 19 L. R. A. 811; *Pryor v. Pryor,* 88 Ark. 302, 129 Am. St. 102, 114 S. W. 700; *Kelly v. Kelly,* 194 Mich. 94, 160 N. W. 397; *Warren v. Warren,* 114 Minn. 389, 131 N. W. 379; *Read v. Read,* 28 Utah, 297, 78 Pac. 675; *Brandt v. Brandt,* 40 Or. 477, 67 Pac. 508.)

The trial court erred in failing to allow to the defendant and appellant a reasonable sum for the maintenance and support of the defendant and her minor child. Such an allowance should be made as would correspond with her social position and the position of her husband, and at least maintain her in the style and · condition that her husband's fortune would have reasonably justified her

Publisher's Note.

1. See 1 R. C. L. 946; 9 R. C. L. 484.

See Divorce, 19 C. J., sec. 617, p. 270, n. 16; sec. 619, p. 273, n. 52; sec. 620, p. 274, n. 63; sec. 623, p. 275, n. 81; sec. 627, p. 277, n. 6 New; sec. 768, p. 330, n. 84; sec. 819, p. 358, n. 61; sec. 823, p. 361, n. 37 New.

maintaining but for his infidelity. (*Ex parte Spencer, supra; Griffin v. Griffin,* 18 Utah, 98, 55 Pac. 84; *Razor v. Razor,* 149 Ill. 621, 36 N. E. 963; *Andreas v. Andreas,* 88 N. J. Eq. 130, 102 Atl. 259; *Muir v. Muir* (Ky.), 92 S. W. 314; *Thomas v. Thomas,* 41 Wis. 429; *Campbell v. Campbell,* 37 Wis. 206; *Richmond v. Richmond,* 2 N. J. Eq. 90.)

The court may alter and revise the judgment awarding alimony to meet changed conditions. (*Searles v. Searles,* 140 Minn. 385, 168 N. W. 133; *State v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974; *Staton v. Staton,* 164 Ky. 688, 176 S. W. 21, L. R. A. 1915F, 820; *Smith v. Smith,* 139 Mich. 133, 102 N. W. 631.)

James E. Babb and E. W. Wheelan, for Respondent J. A. Humbird.

The estate of the husband which is taken into consideration in fixing the amount of alimony is usually the estate which he owned at the time of divorce. (19 C. J. 254; C. S., sec. 4646.)

Statutes permitting modification of the allowance of alimony do not apply to a decree awarding an allowance in gross on making final division or distribution of the husband's estate. (19 C. J. 272, citing *Cody v. Cody,* 47 Utah, 456, 154 Pac. 952; *Zentzis v. Zentzis,* 163 Wis. 342, 158 N. W. 284.)

Remarriage of a husband is no ground for increasing the allowance to the divorced wife. The rights of the second wife must be taken into consideration and protected. (*Herrett v. Herrett,* 80 Wash. 474, 141 Pac. 1158.)

The income earned by the plaintiff, and the accumulations therefrom and from his separate property, are all the community property of the plaintiff and his second wife. (C. S., sec. 4660.)

The interest of the present wife of the plaintiff in the community property of herself and plaintiff is vested. (*Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Ewald v. Hufton,* 31 Ida. 373, 173 Pac. 247; *Peterson v. Peterson,* 35 Ida. 470,

207 Pac. 425; *Muir v. City of Pocatello,* 36 Ida. .532, 212
Pac. 345; *Swinehart v. Turner,* 38 Ida. 602, 224 Pac. 74;
*Beals v. Ares,* 25 N. M. 459, 185 Pac. 780; *La Tourette v.
La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac.
426; *In re Williams,* 40 Nev. 241, 161 Pac. 741, L. R. A.
1917C, 602; *Warburton v. White,* 176 U. S. 484, 20 Sup. Ct.
404, 44 L. ed. 555; *Arnett v. Reade,* 220 U. S. 311, 31 Sup.
Ct. 425, 55 L. ed. 477; *Blum v. Wardell,* 270 Fed. 309;
*Wardell v. Blum,* 276 Fed. 226.)

The law regulating the rights of husband and wife to
community property is not limited to cases where the com-
munity is dissolved by death or by divorce proceedings.
(*Peterson v. Peterson, supra.*)

FEATHERSTONE, District Judge.—Dorothy Humbird,
hereinafter called respondent, and J. A. Humbird, herein-
after called appellant, were married March 15, 1914.
January 15, 1915, their daughter, Dorothy Jane Humbird,
was born. April 15, 1915, respondent left their home in
Sandpoint, Idaho, and went to the home of her parents
in Spokane, Washington. April 17, 1917, appellant filed
his complaint against respondent, in the district court
of Bonner county, asking for a divorce on the grounds of
desertion. On July 19, 1917, respondent appeared in said
action and filed an answer denying the charge of desertion
and a cross-complaint charging appellant with extreme
cruelty. The cause was brought on for trial at the re-
quest of appellant's attorney while appellant was in France,
and on August 21, 1918, a decision was rendered in favor
of respondent and against appellant. The court made its
findings of fact and conclusions of law and found appellant
guilty of extreme cruelty and inhuman treatment and
that respondent was justified in leaving the home of
appellant in Sandpoint, Idaho, and that she did not desert
and abandon appellant, but that the leaving of said home
was caused by his cruel acts against her.

Decree of divorce was granted respondent which was
filed August 22, 1918, and by such decree she was granted
custody of the child, Dorothy Jane Humbird, and appellant

was ordered to pay respondent the sum of $5,175 forthwith and the sum of $60 per month beginning August 1, 1918, for her maintenance and support, and the additional sum of $30 per month beginning August 1, 1918, for the support and maintenance of the child.

The decree also contains the following provision:

"It is further ordered, adjudged and decreed that the power and authority be and is hereby reserved in the court to hereafter and at any time further inquire into the property of plaintiff or the earning ability of plaintiff as his health and property interests may change, for the purpose of modifying as to monthly payments of alimony to defendant and cross-complainant and the payments to defendant for the care and maintenance of the said infant child, of plaintiff and defendant, Dorothy Jane Humbird."

November 17, 1924, respondent filed in this cause an application for modification of the decree awarding alimony, and alleged she had expended all the money paid to her by the appellant under the provisions of said decree; that she was not able to support herself on the sum of $60 per month and was not able to support the minor child, Dorothy Jane Humbird, on the sum of $30 per month; that she had no funds to meet the necessary expenses of maintaining herself and child and was compelled to depend on the charity of friends and relatives for support; that the child was then ten years old and attending school; and that the sum of $500 per month was necessary for the support and maintenance of herself and child.

This application for modification of the decree was heard December 8, 1924, and January 7, 1925, the court made and entered its findings.

The court found that respondent had expended all the money that had been paid to her under the decree; that $1,478.24 had been expended for physicians, surgeons, hospital and medical attention for the child, and $826.50 for medical and surgical attention for herself; that respondent was not able to support herself on $60 per month and was not able to support the child on $30 per month and that she was without the necessary funds or money

to pay the expenses of supporting herself and minor child.

The court further found that at the time the original decree was entered, appellant was in the army and was receiving only $166 per month, but was capable of earning much more; that he was now receiving a salary of $10,000 per year, and had been receiving such salary since January 1, 1924; that he was the grandchild and one of the residuary legatees under the will of John A. Humbird, deceased. The court further found that there had been a change in the circumstances of appellant and respondent, and their minor child, justifying and warranting modification of the allowance made in the former decree herein and found that respondent should be awarded $100 per month for her support and maintenance and the further sum of $80 per month for the support and maintenance of the minor child.

The court thereafter entered an order, judgment and decree modifying the former decree and directing appellant to pay to respondent $100 per month for her own support and $80 per month for the support of the minor child, and from this judgment and decree both parties appeal. We shall continue in this opinion, for the purpose of distinguishing between the parties, to designate Dorothy Humbird as respondent.

Six assignments of error are made by respondent, the gist of all being summed up by saying that the court erred in finding and holding that $100 per month for respondent and $80 per month for the minor child, a total of $180 per month, was a reasonable sum to be allowed for their support and maintenance and contended that $500 per month was a reasonable sum to be allowed for their support and maintenance.

Appellant makes seven assignments of error substantially as follows: (1) The court erred in holding that $100 was a reasonable amount to be allowed respondent for her maintenance; (2) in finding and holding that $80 per month was a reasonable sum to be paid to respondent for the support and maintenance of the minor child; (3) in finding that there had been a change of circumstances of

appellant and respondent, and said minor child, warranting a change in the allowance made by the previous decree herein; (4) in treating the salary of appellant of $10,000 as his separate property and in not taking into consideration the rights of his present wife; (5) in finding: "That the expenditure by the defendant of the sum of $5,175 paid to her in a lump sum at the time the decree was entered herein was not the result of her extravagance or mismanagement, and the application filed by the defendant is no sufficient showing, or a showing at all, nor is there any showing that the defendant is incapable of wisely or judiciously expending the allowance heretofore made to herself and minor child"; (6) in finding that there was no proof before the court that the obligations of appellant require an annual expenditure of not less than $7,200 to pay the living expenses of himself and wife, and the court should have found that the obligations of appellant require an annual expenditure of not less than $7,200 to defray the living expenses of himself and wife; (7) in finding "that the defendant is entitled to reasonable attorneys' fees and expenses of this proceeding in the sum of $150."

Appellant's first two assignments are identical in wording with respondent's first two assignments, that an allowance of $100 per month to respondent and $80 per month for the minor child was unreasonable.

Upon a consideration of the entire record, we are of opinion that the court below did not make such allowance for the maintenance of the child of the marriage and to the wife for her support as should have been made in view of the circumstances of the parties respectively.

Appellant contends that he is unable to pay a greater amount than was allowed by the original decree and that it requires $600 per month for his necessary house expenses on account of his position as manager of the lumber company by which he is employed. There is no evidence in support of this except that he pays his servant $70 per month from the $600 which we assume is in addition to room and board, and at the same time he

contends that $60 per month is sufficient for the entire support of respondent.

[1] Taking up appellant's assignment of error number three we find no error in the finding that there has been a change of circumstances of appellant and respondent and said minor child warranting a change in the allowance made by the previous decree herein. At the date of the former order and decree appellant was receiving only $166 per month as an officer in the army though capable of earning much more in business, and at the present time he is receiving a salary of $10,000 per year. Surely the change in salary taken in connection with the increased cost of living for both respondent and the minor child justifies a very substantial increase in the allowance to each of them.

Referring to appellant's assignment number four, his counsel take the position that the earnings of the husband being community property under our statutes and decisions the second wife has a vested interest of one-half of the same, and cite *Kohny v. Dunbar*, 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Ewald v. Hufton*, 31 Ida. 373, 173 Pac. 247; *Peterson v. Peterson*, 35 Ida. 470, 207 Pac. 425; *Swinehart v. Turner*, 36 Ida. 450, 211 Pac. 558. In all these cases the question involved was the interest of the wife in real estate, and it is well settled in this state that the interest of the wife in community real estate vests at the time it is acquired and it cannot be sold, transferred or encumbered without her consent, but even this vested interest in the real property, with the exception of certain exemptions, will not prevent it being taken under execution for the debts of the husband, and his earnings are exempt in an amount not to exceed $100 in any case. (C. S., sec. 6920, subd. 7.)

Under the statute of Idaho, the court has power at any time to modify its original decree, providing for the support and maintenance of the wife and children, where the divorce has been granted for the offense of the husband.

C. S., sec. 4643, provides:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

C. S., sec. 4644, provides:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

California has practically the same statute as Idaho in secs. 138 and 139 of the Civil Code. Under their statute, the supreme court of California, in *Ex parte Spencer,* 83 Cal. 460, 17 Am. St. 266, 23 Pac. 395, says:

"In fixing this compensation or allowance the court may regard the earning of the husband, or his ability to earn money; *Eidenmuller v. Eidenmuller,* 37 Cal. 364; and may subsequently reduce the amount; *Eidenmuller v. Eidenmuller,* 37 Cal. 364; or increase it; *Ex parte Cottrell,* 59 Ga. 417, as, in its opinion, the changed circumstances of the parties shall warrant, and may enforce compliance with the order by imprisonment for contempt, etc."

In Illinois, the supreme court, construing a statute similar to the one in Idaho, in *Cole v. Cole,* 142 Ill. 19, 34 Am. St. 56, 31 N. E. 109, 19 L. R. A. 811, says:

"Power over the subject-matter of alimony is not exhausted by the entry of the original order and decree of divorce, but is under the statute continuing for the purpose, at any time, of making such alterations thereof as may appear to the court, in the exercise of a judicial discretion, reasonable and proper."

[2] Appellant knew at the time he entered into the second marriage as did his present wife, that he had certain obligations toward his former wife and child, and the wording of the judgment was also notice to them that the

amount of the monthly allowance would probably be increased when his earnings were increased; we therefore find nothing in appellant's fourth assignment and think the finding was correct.

We find nothing in the record to sustain appellant's contention that the lower court committed any error in its findings as set out in appellant's assignments five, six and seven.

We are of the opinion that the court below erred in fixing the amount of the award for the maintenance of the minor child of the marriage at $80 per month and allowing to the wife for her support $100 per month, and that such allowance should be, for the maintenance of the child $100 per month, and for the support of the wife $150 per month, when regard is had to the changed circumstances of the husband, if the allowance made is to correspond with the social position of respondent's former husband and maintain her in the style and condition that his financial position would reasonably have justified her in maintaining but for his wrongful conduct. No complaint is made by respondent with regard to the insufficiency of the allowance of $150 attorney's fees and no change in that respect will be made.

We find no error in the record justifying a further modification and the cause is remanded, with instructions to the court below to make findings, conclusions and enter a decree to conform to this opinion. Respondent to recover costs of this appeal.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.

Petition for rehearing denied.