248 P.2d 1061

## LEWIS v. LEWIS.

No. 7865.

Supreme Court of Idaho.

Oct. 7, 1952.

H. J. Swanson, Pocatello, for appellant.

P. A. McDermott, Pocatello, for respondent.

PORTER, Justice.

Respondent and appellant were formerly husband and wife. On August 17, 1945, appellant was granted a decree of divorce from respondent. Prior to the entry of such decree, the parties entered into an agreement entitled "Agreement for Division of Community Property and for Custody of Children." Pursuant to the terms of such agreement, the decree of divorce provided that appellant should have the custody of the minor children of the parties, namely, Sandra Lee, age six years, and Theodore Kay, age four years; that respondent should pay the sum of $50 per month for the support of such children until the further order of the court; and that respondent should have the custody of the children for a period of 60 days during summer vacation time, but that the monthly payments were to continue during said time without any interruption.

On July 5, 1950, appellant filed a petition for modification of decree praying that the monthly payments for the support of the minor children be increased to $40 per month for each child. On July 9, 1951, appellant filed an amended and supplemental petition for modification of decree, praying that the allowance for support of said minor children be increased to $50 per month for each child. By such amended and supplemental petition, it is alleged that the additional amount for support of such children is required because the cost of living has increased and the needs of the children have increased as they are six years older than when the original decree was entered.

On August 21, 1951, respondent filed his answer to the amended and supplemental petition for modification of decree. By his answer, respondent denies that he is able to pay more than $50 per month for the support of the minor children; denies that the additional allowance asked is necessary for the support of such children; and asks that the custody of such children be granted to respondent. Appellant filed a denial of respondent's answer. Trial was had before the court sitting without a jury. At the close of the trial the court entered an order decreeing that the custody of the minor children remain the same as provided for in the divorce decree; and decreeing that the support money remain the same as set forth in the divorce decree. From that portion of the order providing that the support money shall remain the same as set forth in the decree of divorce, appellant has appealed to this court.

The record shows that since the decree of divorce appellant has remarried; that her husband has one child by a former marriage and that there are two children of the present marriage. The family now consists of the husband and wife and the five children. The take-home pay of the husband is $280 per month.

The record also discloses that respondent has remarried. His family now consists of his wife, her two minor children by a former marriage of the ages of eleven years and ten years and one child of his present marriage. He is also partially supporting his blind father. His gross salary as a brakeman on the Union Pacific Railroad averages $446 per month. His precise take-home pay is not disclosed by the evidence.

It is not seriously contended that the requirements for the support of the minor children of the parties has not changed and increased during the more than six years since the entry of the divorce decree. The evidence on the part of appellant tends to support her contention as to the amount per month now necessary for the support of the minor children. Respondent testified that it required approximately $40 per month for food and clothing for the two minor children of his wife by her former marriage and from $10 to $15 per month for each

child in addition, for miscellaneous items of support.

The court and counsel from the record apparently considered the controlling question in this case to be the ability of respondent to pay. Appellant contends that the claim of the two minor children for support is superior to and comes ahead of the claim of respondent's present family for support, and that the court erred in taking into consideration the claim of respondent's family by his second marriage in determining that respondent was unable to pay more than $50 per month.

In Humbird v. Humbird, 42 Idaho 29, 243 P. 827, we recognized the paramount claims of the wife and child of a first marriage over the claims of the wife of a second marriage. In Simpson v. Simpson, 51 Idaho 99, on page 102, 4 P.2d 345, on page 346, we said:

"Remarriage of divorced husband is no ground for reducing the amount of alimony and support money to former wife and minor child, even though such remarriage is a drain on his financial resources."

We recognize that the claims for support of a family by a first marriage occupy a preferential position and that the mere fact of a second marriage standing alone is not sufficient ground to reduce the allowance of support to a family by a first marriage. However, we must recognize that many divorced husbands remarry and establish second families with legitimate claims for support. In the case of Herrett v. Herrett, 80 Wash. 474, 141 P. 1158, on page 1160, the question is discussed as follows:

"It may be said that the case falls within the rule of State ex rel. Brown v. Brown, 31 Wash. 397, 72 P. 86, 62 L.R.A. 974, and that a husband is bound to pay alimony to a former wife notwithstanding the fact that he has remarried. We do not doubt this proposition, but this court has never intended to go so far as to hold that a divorced man or woman has no right to remarry, or that if he does that all his earnings must go to the first wife. The Brown Case does not deny the right of the court to measure the several obligations of the husband in a direct proceeding.

"The law recognizes marriage as a civil contract founded on public policy, and encourages it in the interest of morality. If, then, a divorced husband remarries he owes a duty to his present wife, as well as to the former relation, that the law must recognize if it is consistent. While the first wife may have first consideration and her necessities will not be unreasonably curtailed, or her wants ignored, neither will the necessities or wants of the second wife be disregarded. The court should and will make such adjustment as the relative necessities of the parties demand and the ability of the husband will warrant."

■ We are of the opinion that in this direct proceeding the court had the duty to take into consideration the relative rights and necessities of the parties dependant upon respondent for support and the ability of respondent to provide such necessities. Lord v. Lord, 37 N.M. 24, 16 P.2d 933; Hampton v. Hampton, 86 Utah 570, 47 P.2d 419; Cook v. Cook, 168 Wash. 649, 13 P.2d 38. See also, Note 30 A.L.R. 80; Note 64 A.L.R. 1271; Note 112 A.L.R. 250.

It is apparent, however, that the trial court not only considered the needs of respondent's second family, but considered such needs as the paramount, controlling factor in determining that appellant was not entitled to additional support money for the minor children. In this, the court was in error.

■ We are of the opinion that the trial court erred in refusing to increase the allowance for the support of the minor children; and that the facts and circumstances shown by the record require that the divorce decree should be modified to provide for the payment of $70 per month hereafter for the support of the minor children. Humbird v. Humbird, supra. The judgment is reversed and the cause remanded to the trial court with direction to enter judgment in accordance with this opinion. Costs to appellant.

GIVENS, C. J., and TAYLOR and KEETON, JJ., and THATCHER, District Judge, concur.