335 P.2d 342

**Donald David McROBERTS, Plaintiff, Cross-Defendant and Appellant,**

**v.**

**Julia Spiller McROBERTS, Defendant, Cross-Plaintiff and Respondent.**

No. 8658.

Supreme Court of Idaho.

Jan. 13, 1959.

Morgan & Morgan, Lewiston, for appellant.

Thomas A. Madden, Lewiston, for respondent.

McQUADE, Justice.

An application was made November 1, 1956, for a reduction of alimony and child support payments being made under a certain decree entered January 29, 1953, on the grounds and for the reasons

that conditions and circumstances surrounding the plaintiff and upon which the decree was based have materially, substantially, and permanently changed. After a hearing of the motion for modification of the decree was had January 10, 1957, before the trial judge, an order was entered denying the petition for the reason that the evidence did not establish any change of condition to such an extent or over such a period of time as to justify granting the petition.

Under the decree of divorce, the defendant was awarded the custody of two minor children, and according to a written marriage settlement contract included in the decree and adopted and made a part thereof, the plaintiff was to pay the premiums on certain life insurance policies which inured to the benefit of the children of the defendant, the sums of which were $36.32 and $29.82; $100 per month into a trust fund for the children; to maintain a health policy in the sum of $25; to maintain endowment policies in the sum of $47.98, and to pay alimony to the defendant of $708.33, making a total monthly payment of $947.45.

The affidavit for modification sets up three grounds for modification of the decree:

"That since the said Decree was entered, the conditions and circumstances surrounding the parties, and upon which said Decree was based, have materially, substantially and permanently changed in the following:

"A. That at the time of the entry of the Decree, the Cross-defendant was earning an average of $3487.10 per month; that the cross-defendant's income has gradually been reduced, to the point where he now receives an average of $2,477.31 per month, or a reduction of almost 30%; that the foregoing figures are before taxes and before any personal deductions or exemptions and are based on cross-defendant's adjusted gross income.

"B. That the cross-defendant has certain payments to make on his professional equipment, which is capitalized, and on which he cannot take credit in the foregoing figures, which obligations cost the cross-defendant approximately the sum of $164.06 per month.

"C. That the cross-defendant has remarried, and he has a child by this marriage."

Plaintiff is a doctor with a specialty of radiology. He had, at the time of the divorce, two children. Since the divorce of the parties hereto the plaintiff has remarried and has one child therefrom. Nearly all of the evidence introduced at the hearing was to show a substantial

and permanent decrease in his income. Plaintiff testified that the marriage settlement contract, which was incorporated into the decree, was based upon an average annual adjusted gross income of $36,000. His gross income has been as follows: 1953, $53,611.89; 1954, $55,326.74; 1955, $44,222.15; 1956, $42,243.06. His adjusted gross income for those years has been: 1953, $41,845.22; 1954, $45,689.12; 1955, $36,270.47; 1956, $30,427.15. These figures show less than a $2,000 reduction in annual gross income between the years 1955 and 1956, but the plaintiff shows a reduction of almost $6,000 in his adjusted gross income for 1955 as against 1956. Plaintiff testified at the hearing that his expenses remained substantially the same, except for part of 1956, when he hired extra office help. The record also shows that plaintiff has been putting at least $7,000 annually into investments and about $5,000 annually into life insurance. These investments were not shown to be less than in prior years.

It must be concluded there was substantial evidence upon which the trial court could base its conclusion that the parties' circumstances had not changed to such an extent and over such a period of time as to justify a modification of the decree. The party seeking the modification has the burden of showing material, permanent, and substantial change in the circumstances and conditions of the parties. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345.

Plaintiff claims he is entitled to a modification on the grounds of remarriage. In Lewis v. Lewis, 73 Idaho 165, 248 P.2d 1061, this Court announced a relaxation of the former strict rule that obligations under a remarriage of the husband could not be considered as a circumstance in modification proceedings. However, in this case the decree recites:

"* * * any subsequent marriage of cross-defendant shall not be considered as a basis of revision on the ground of changed condition."

This provision in the decree could in nowise affect the responsibilities of the plaintiff to the child of the second marriage. This child must be considered as a change of circumstance and responsibility for the purpose of these proceedings. The evidence herein reflects that the infant child of the new marriage is more than adequately provided for in shelter, food, and clothing, according to the position of its father. Evidence sustains the trial court's position. There being sufficient substantial and competent evidence to support its findings thereon, and the findings not being clearly against the weight of the evidence, the findings of the trial court are binding on this Court and will not be disturbed. Howay v. Howay, 74 Idaho

492, 264 P.2d 691; Jensen Motor Sales v. Chandler, 77 Idaho 303, 291 P.2d 1116; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; In re Davenports' Estates, 79 Idaho 548, 323 P.2d 611.

 This cause was submitted to the trial court on February 4, 1957, and on September 13, 1957, appellant filed an affidavit of income and expenses for the first seven months of 1957. Pursuant to defendant's motion to strike, the court ordered the affidavit stricken from the files. The appellant assigns this as error. It was not error to strike the affidavit from the files. The cause having been submitted and no proper motion to reopen the case having been made to offer new evidence, it was improper for the appellant to file the affidavit for the ostensible purpose of requesting the court to consider it in reaching a conclusion when the respondent did not have the opportunity to cross-examine the affiant nor to offer evidence against or in rebuttal thereto.

"The party desiring to have the case reopened must make a proper application therefor, and should show a sufficient excuse for not introducing the evidence before, and also that it would materially influence the verdict. An affidavit filed to secure a reopening and showing what testimony will be given if the case is reopened cannot be re-garded as the testimony of affiant and his witnesses." 88 C.J.S. Trial § 112, p. 227.

The order is affirmed.

Costs to respondent.

PORTER, C. J., TAYLOR, J., and SPEAR, D. J., concur.

KEETON, C. J., concurred in this opinion prior to his retirement.

SMITH, J., not participating.