[Nos. 15327 and 15389.    In Bank.—May 14, 1894.]

## LILLIE WOLFF, RESPONDENT v. HENRY WOLFF, APPELLANT.

DIVORCE—EXTREME CRUELTY—EVIDENCE—CORROBORATION OF PLAINTIFF.—Where the testimony of the plaintiff, in an action for divorce upon the ground of extreme cruelty, is sufficiently corroborated as to certain acts and declarations sufficient to constitute extreme cruelty, it is not material or necessary that her testimony should be corroborated as to all other distinct acts of cruelty alleged in the complaint.

ID.—SEPARATION OF WIFE FROM HUSBAND—CONDONATION—PROMISE TO RETURN.—A voluntary promise by the wife, after separation from the husband on account of his extreme cruelty, to return to, and live with, him does not alone constitute condonation, if such promise is not kept, and it has not the effect to remit his offenses nor to restore him to marital rights.

ID.—ALIMONY—VALUE OF DEFENDANT'S PROPERTY—EVASIVE ANSWER—ADMITTED FACTS—PRESUMPTION.—An answer which is clearly evasive of the allegations of the complaint as to defendant's income, and the value of his property, raises no issue upon such allegations; but affirmative allegations of the answer of material probative facts bearing upon the issue as to the proper amount of alimony to be allowed for the support of the plaintiff and her child, when admitted by plaintiff's attorney, must be presumed to have been considered by the court for the purpose of estimating and determining what was a suitable allowance for such support.

CII. CAL.—28

ID.—ALLOWANCE OF PERMANENT ALIMONY—DISCRETION—REVIEW UPON
APPEAL.—An allowance of permanent alimony is in the discretion of
the court, and will not be reversed upon appeal, where upon the whole
cause it does not appear that the court abused its discretion in allowing
the amount.

ID.—FUTURE MODIFICATION.—It is within the power and discretion of the
court to modify an allowance of permanent alimony in the future, if just
cause appears for such modification.

APPEALS from a judgment of the Superior Court of
the City and County of San Francisco, and from an
order denying a new trial.

The facts are stated in the opinion of the court.

*Fox & Kellogg,* and *W. W. Foote,* for Appellant.

The finding that the allegations of the complaint are
true is erroneous, as it is a finding against the direct
admission of the plaintiff as to the defendant's property
and income. (*Silvey* v. *Neary,* 59 Cal. 97; *Campe* v.
*Lassen,* 67 Cal. 139; *Walker* v. *Bren,* 67 Cal. 600, 601;
*Traverso* v. *Tate,* 82 Cal. 170, 172, 173.)

*W. H. L. Barnes,* for Respondent.

The plaintiff was a competent witness in her own be-
half, and was sufficiently corroborated to entitle her to
credence and relief. (*Evans* v. *Evans,* 41 Cal. 103;
*Matthai* v. *Matthai,* 49 Cal. 90; *Cooper* v. *Cooper,* 88 Cal.
45; *Venzke* v. *Venzke,* 94 Cal. 225; *Baker* v. *Baker,* 13
Cal. 87.) Under the law, and the facts proven, the court
was justified in finding that the conduct of the defend-
ant inflicted upon the plaintiff both grievous bodily in-
jury and grievous mental suffering. (*Barnes* v. *Barnes,*
95 Cal. 176; *Waldron* v. *Waldron,* 85 Cal. 251.) The
order of the court allowing alimony was an order which
the court, in its discretion, was authorized to make, and
should not be disturbed. (*Turner* v. *Turner,* 80 Cal.
141; *Ex parte Spencer,* 83 Cal. 460; *White* v. *White,* 73
Cal. 105; *Schammel* v. *Schammel,* 74 Cal. 36.) The al-
legations and denials of the answer as to the defendant's
property were evasive, and amounted to no denial at

all, and amounted to an admission of the averments in the complaint thereon. (*Marsters* v. *Lash*, 61 Cal. 622, 624; *De Godey* v. *De Godey*, 39 Cal. 157; *Doll* v. *Good*, 38 Cal. 287; *Blankman* v. *Vallejo*, 15 Cal. 638; *Castro* v. *Wetmore*, 16 Cal. 379; *Higgins* v. *Wortell*, 18 Cal. 330; *Landers* v. *Bolton*, 26 Cal. 393, 417; *Morrill* v. *Morrill*, 26 Cal. 288, 292; *Camden* v. *Mullen*, 29 Cal. 564; *Blood* v. *Light*, 31 Cal. 115.)

The COURT.—When these appeals were in Department the following opinion was prepared by Commissioner Vanclief:

"Action for divorce on the ground of extreme cruelty, in which the judgment was in favor of the plaintiff, decreeing a divorce, and also that defendant pay to plaintiff, from his separate property, $150 per month for the permanent support of herself and infant daughter of the marriage, born December, 1891, whose custody was awarded to plaintiff, besides $600 for counsel fees in this action.

"There are two appeals—one from the final decree including the allowance of alimony, which is numbered '15327'; and the other from an order denying the defendant's motion for a new trial, numbered '15389.' The first is founded upon a bill of exceptions as to both law and facts, and was taken within sixty days after the rendition of the judgment. The second is upon a statement made and used on the motion for a new trial. The bill of exceptions, and the statement on motion for new trial are substantially, and almost literally, identical. Counsel have argued the two appeals together, and they will be so considered.

"Appellant complains that in several respects the findings of fact are not justified by the evidence. But, with one exception hereafter to be considered, I think the evidence sufficient. It is amply sufficient to justify the finding of extreme cruelty, and all other facts requisite to entitle plaintiff to the divorce. It is not questioned that plaintiff testified to all the acts of cruelty alleged

in her complaint; but it is contended that her testimony
was not sufficiently corroborated. This contention, how-
ever, seems to rest solely upon the alleged ground, that
the testimony of the other witnesses did not tend to
prove *all* the acts of cruelty alleged in the complaint,
and testified to by plaintiff. But the testimony of other
witnesses positively tended to prove all the principal
acts of cruelty charged, except that none of them saw
the defendant beat or strike the plaintiff; yet, in my
opinion, circumstantially corroborated plaintiff's testi-
mony even as to this. But the court found that the
allegation that defendant beat and struck the plaintiff
is not true.

"The findings of the facts of cruelty are as follows:

"'That since said marriage the defendant has treated
the plaintiff in a cruel and inhuman manner, and in
particular as follows: That almost ever since the com-
mencement of the married life of said parties the de-
fendant has been in the habit of grossly abusing the
plaintiff, and of applying to her, and to members of her
family and relatives, vile, profane, and obscene language,
the particulars whereof are stated at length in the com-
plaint on file in this action; and the court finds as facts
that such language was used by the defendant as, and
when, and in the manner alleged by the plaintiff; that
almost immediately after said marriage the plaintiff be-
came and was pregnant, and that during the term of her
pregnancy she was highly nervous and in a delicate
state of health, and defendant used toward her during
said period vile, abusive, and indecent language, and
which language and treatment of defendant caused the
plaintiff physical pain, and greatly aggravated the physi-
cal sufferings undergone by her during said period, and
that the harsh and abusive treatment and language of
defendant toward plaintiff caused her physical suffering,
affected her health, and also inflicted upon her grievous
mental suffering, and that plaintiff has not condoned
said offenses.'

"And, as a conclusion of law, found that defendant

'has been guilty of extreme cruelty towards the plaintiff.'

"The testimony of plaintiff as to the facts thus found, having been sufficiently corroborated, and these being sufficient to constitute extreme cruelty, even according to the case of *Waldron* v. *Waldron*, 85 Cal. 251, and surely so according to the decision in *Barnes* v. *Barnes*, 95 Cal. 171, it was not material nor necessary that her testimony should have been corroborated as to all other distinct acts of cruelty alleged in her complaint.

"2. It is contended that the finding 'that the plaintiff has not condoned the offenses,' is not justified by the evidence.

"It was pleaded by defendant as a defense to the action that, on April 12, 1892, after the commencement of the action, all·the causes of action were condoned, etc., but defendant offered no evidence of any condonation, except the testimony of Mr. Judis, to the effect that during the pending of this suit he had an interview with plaintiff, in which he *thought* she said 'she had made up with her husband, and then changed her mind. . . . . That they parted friendly, and immediately she changed her mind, and thought she could not live with him.' The defendant, however, though he testified at considerable length as to all other matters, said nothing about the alleged condonation. It is agreed that the place of the alleged condonation was her mother's house, and the time the twelfth day of April, 1892. That the defendant there and then earnestly solicited his wife to condone his offenses and return to his home was proved by the testimony of plaintiff's mother and sister, who testified that they, or one of them, were present with plaintiff and defendant, and heard all the conversation between them on April 12th, and did not hear plaintiff promise to forgive him, nor to return to his home; but did hear plaintiff refuse to return, or to live with him again; and that, even on that occasion, he was violent, abusive, and profane, calling his wife a damned liar. The plaintiff testified to

the same effect, except that she admitted that she had told him on that day, for the purpose of getting rid of him, and because she 'was in bodily fear of him, that she would return to him'; and that on the next day defendant returned and asked to see her, when she refused to meet him again, and he was denied admittance into her mother's house.

"Conceding that she voluntarily promised to return to, and live with, him, such promise alone was not condonation, as defined by the Civil Code (secs. 115, 116), since it neither remitted his offenses nor restored him to marital rights.

"3. The complaint contains the following:

"'And plaintiff further says that, prior to the marriage of plaintiff and defendant, and ever since their marriage, the defendant has been engaged in a large and lucrative business at 120 Sutter street, in the city and county of San Francisco; that she is informed, and believes, that his estate consists of real and personal property, and is of the value of from $120,000 to $150,000; and that his income from his business and property is not less than $10,000 a year.'

"This was answered by the defendant as follows:

"'Defendant denies that he is engaged in a large and lucrative business at 120 Sutter street, San Francisco, or elsewhere, and avers that for two years last past the said business has been conducted without profit, and has been running behind in the matter of expense compared with profits; that for more than two years last past the defendant has not made any net profits in said business, and conducts, and has conducted, the same in hopes of a better future, and for the purpose of keeping together his customers and stock in trade and the goodwill of the business. Defendant denies that he is worth from $120,000 to $150,000, or that he is worth any larger or greater sum over and above his just debts and liabilities than about $30,000, cash values, including all the property and business, and denies that his income is $10,000 a year, or that his income from his business

has been, during the past two years, any sum of net profit, or is any sum of net profit, and avers that the net income from his real estate does not exceed the interest which he is obliged to pay upon the mortgages thereof, and the taxes and repairs. Defendant avers, further, that nearly all his real estate which has any value is mortgaged in the aggregate fully one-half the value thereof, if not more.'

" During the trial plaintiff's attorney made the following statement to the court:

" ' Plaintiff's attorney here stated to the court, in open court, and admitted as a fact in the case, that the allegations, statements, and denials in the defendant's answer on file herein, as to his property, assets, and income, are admitted and accepted as true and correct, and shall be accepted by the court as true and correct in making its decisions and findings in this case.'

" Yet the court found as facts: ' That all the allegations contained in the complaint herein are true, except that it is not true that the defendant beat and struck the plaintiff as alleged in the complaint.'        .

" The effect of this finding is that the defendant owned real and personal property of the value of at least $120,000, and that his income from his business and property is not less than $10,000, as alleged in the complaint.

" The appellant contends that this finding is not justified by the evidence, and is inconsistent with the above statement and admissions made by plaintiff's attorney at the trial.

" I think, however, that the finding is justified by the pleadings; and is not inconsistent with the admissions made by plaintiff's attorney at the trial.

" The answer of the defendant contains no denial of the allegations that his real and personal property is of the value of $120,000, and that his income from his business and property is $10,000 a year; nor does it contain any affirmative averment necessarily inconsistent with either of those allegations of the complaint. The

comparative value of his real property with that of his personal property is not stated, and cannot be deduced from the answer, and therefore may be only as one to ten. That nearly all of his real property was mortgaged for a sum equal to half its value neither lessened its value nor deprived him of its ownership. That his expenses for the last two years, necessary and *unnecessary*, had been equal to his income, so that he had realized no profits or net income, is not inconsistent with a gross income of $10,000 a year, as alleged in the complaint. That he was worth no greater sum, 'over and above his just debts and liabilities, than *about* $30,000, cash values,' is not inconsistent with his ownership of the property of the value of $120,000, nor with an income of $10,000 a year. The answer is clearly evasive of the allegations of the complaint as to defendant's income and the value of his property, and seems to have been so intended.

"Nevertheless, the affirmative allegations of the answer, having been expressly admitted by plaintiff's attorney, were material, probative facts, bearing upon the issue as to the proper amount to be allowed for the support of the plaintiff and her child; and, for the purpose of estimating and determining what was a 'suitable allowance' for such support, the court should have considered these admitted facts, as required by section 139 of the Civil Code, and it must be presumed that the court duly considered them for that purpose. They were not relevant to any other issue.

"4. Plaintiff's attorney proposed to amend the bill of exception as drafted by defendant's counsel, by inserting therein certain affidavits of the parties and others, which had been filed in the case on plaintiff's motion for alimony and attorney's fees, *pendente lite*. Portions of some of these affidavits had been read on the trial in connection with the examination and cross-examination of witnesses who had made them. Defendant's counsel objected to the insertion of such affidavits, or any parts thereof, not put in evidence on the trial. The court overruled the objection, and allowed said affidavits to

be inserted in the bill of exception, to which the defendant excepted. Appellant contends that this ruling was error, for which the judgment should be reversed.

" Section 650 of the Code of Civil Procedure provides that, in settling a bill of exception, ' it is the duty of the judge or referee to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible.' And section 652 of the same code provides: " If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply, by petition, to the supreme court to prove the same,' under such regulations as that court may prescribe.

"It may be conceded that such affidavits as do not appear to have been read at the trial for any purpose, and such parts of them as were not so read nor necessary to explain the parts thereof which were read, were ' redundant and useless matter,' which should not have been inserted in the bill; yet the judgment should not be reversed for the error of inserting them; otherwise, at least one-half of the judgments tested on appeal by bills of exceptions and statements on motion for new trials would be reversible on the same ground; since a majority of the statements and bills of exceptions contained in the records on appeal are found to contain more or less redundant and useless matter. All matter in a bill of exceptions which does not appear to be relevant to the questions raised by the bill nor useful in the solution of such questions, is redundant and useless, and as such will be disregarded by the appellate court; and this is the only remedy for the error, except that the appellate court may tax the costs of redundant matter to the party that caused its insertion. Subject to these checks, the action of the trial judge in settling bills of exception and statements on motion for new trials is final and conclusive.

" Counsel for appellant further contend that the court erred in admitting and excluding evidence. Their numerous specifications of such alleged errors have been

carefully examined, and are found to be either groundless or harmless, and of so little importance as not to require special consideration.

"I think the order and judgment appealed from should be affirmed."

Upon further consideration of the appeals in Bank we are satisfied with the foregoing opinion and the conclusions there reached. It may be further said, with respect to the allowance of alimony, that upon the whole case it does not appear that the court abused its discretion in fixing the amount. Of course, it will always be within the power and discretion of the court to modify the allowance of alimony in the future, if just cause appear for such modification.

The judgment and order denying a new trial are affirmed.

Rehearing denied.

Upon the denial of a rehearing, Beatty, C. J., filed the following opinion on the 13th of June, 1894:

BEATTY, C. J.—The court having denied a rehearing of this cause, I take the occasion to say that I have never concurred in the affirmance of that part of the decree of the superior court awarding alimony. The amount of alimony awarded is based upon a finding of fact directly opposed to the stipulation of the parties that the answer of defendant was true as to the value of his property and business. In my opinion, the answer, on a fair construction of its language, makes a sharp issue upon this point.