[No. 6872.]

## McGREGOR v. McGREGOR.

1. ALIMONY—*Foreign Decree—Effect*—Where by the law of the state in which a decree for alimony is rendered, the court in which the decree was entered has authority to annul or modify it as to accrued installments, there is no vested right in such installments, the decree is in no sense final, and is not within the protection of the full faith and credit clause of the federal constitution—(295, 296).

Otherwise if the court has no such power. In the latter case the debt is a debt of record, and absolutely enforcible—(296, 297).

And in the absence of clear language in the legislation of such state, manifesting an intention to confer such power, every reasonable implication will be resorted to to deny its existence—(297).

The provisions of the code of California, examined, and held to confer upon the courts of that state no power to revoke or modify decree for alimony, as to installments accrued prior to the making of the application—(297).

2. Practice—*Vacating Judgment*—Where the defendant, being aware of a defense to the plaintiff's action, but without evidence to establish it, goes into trial without any application for delay to enable him to procure his evidence, the judgment will not be vacated, in order to admit this defense. —(297).

*Error to Denver County Court.*—Hon. John R. Dixon, Judge.

Mr. Edwin N. Burdick, for plaintiff in error.

Mr. John H. Reddin and Mr. P. D. Connor, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

Defendant in error, plaintiff below, commenced an action against plaintiff in error to recover the sum of $790, which, she claimed, was due and owing her from defendant by virtue of a judgment rendered in the superior court of the city and county of San Francisco, in the state of California. In her complaint she alleged that defendant commenced an action against her in the court mentioned to dissolve the bonds of matrimony then existing between them; that she appeared and filed her answer; that thereafter such proceedings were had that a decree of divorce was entered; that she was awarded the care and custody of their minor child, James, issue of the marriage so dissolved; that defendant was ordered and decreed to pay her, for the support of the child, the sum of ten dollars per month, the first payment to be made on the first day of January, 1897, and a similar payment on the first day of each month thereafter until the further order of the court; that the decree and judgment has never been changed or modified in any respect; that, pursuant to the decree, she received the custody of

the minor child, and has ever since had him in her care and custody, and has provided for his support, education and maintenance. She then alleged that the minor has reached the age of fourteen years; that defendant made the payments ordered by the decree down to and including April, 1902, but has failed to make the subsequent payments thereby required down to and including November, 1908.

To the complaint the defendant filed a motion for an order requiring the plaintiff to set forth more specifically the decree made the basis of the action, as amended with respect to the payment of alimony, on May 28, 1905; to set forth specifically the provisions of the decree relating to the care and custody of the minor; and to set forth specifically all orders entered subsequent to the decree, since May, 1904. This motion was overruled, and the defendant ruled to answer. By his answer then filed, he set out the decree *haec verba* which was made the basis of plaintiff's cause of action, from which it appears that the averments of her complaint with respect to the divorce, custody of the minor child, James, and the award of ten dollars per month for his support were true. By way of an affirmative defense, he alleged that on September 30, 1904, the original decree was modified, by which modification it was ordered that the payment of ten dollars per month cease forever.

To this answer the plaintiff replied, denying its affirmative averments. The trial of the cause to the court on the issues thus joined resulted in a finding in favor of plaintiff, and a judgment in the sum of $790. Defendant has brought the case here for review on error.

The first point called to our attention by the brief of counsel for defendant, is, that the court erred in overruling the motion noticed. From his brief it is also claimed

that a demurrer was filed and erroneously overruled, although the demurrer does not appear in the abstract. Waiving its absence, and assuming that it was a general demurrer intended to raise the question of whether or not an action could be maintained to recover the past-due installments awarded the plaintiff by the California decree, which is made the basis of plaintiff's action, the motion and demurrer, as well as the case upon its merits, may be considered together, for the reason that the only question involved is, whether such a decree, in so far as it is made the basis of an action to recover past due installments for alimony, is within the protection of the full faith and credit clause of the federal constitution, sec. 1, art. IV. The latest expression of the supreme court of the United States on this subject is found in *Sistare v. Sistare*, 218 U. S. 1, where it was held (quoting from the syllabus) :

"Past due installments of a judgment for future alimony rendered in one state are within the protection of the full faith and credit clause of the federal constitution, unless the right to receive the alimony is so discretionary with the court rendering the decree that even in the absence of application to modify the decree no vested right exists."

By this we understand, from an examination of the very carefully prepared opinion of the court, that if by the law of the state in which the decree for alimony was rendered, the court rendering it has the authority to annul or modify the decree for alimony as to past due installments, then the party in whose favor such decree is rendered does not have a vested right in such installments. On the other hand, if the court rendering the decree does not possess such power, then the party in whose favor such decree is rendered has a vested right in the

past due installments. The reason for the distinction is, that in the one case the judgment is in no sense final, and is not absolutely enforceable, in the jurisdiction where it was pronounced, since it is subject to modification at any time by the court rendering it with respect to past due, as well as future, installments, while, when the power to annul past due installments does not exist, they are a debt of record as much as any other judgment for money, is, and are absolutely enforceable.

The next question, then, to determine, is, whether the California court, by the law of that state, possesses the power to annul or modify the past due installments which accrued by virtue of the decree which is made the basis of plaintiff's cause of action. The Civil Code of California, section 139, is as follows: ;

"Where a divorce is granted for an offense of the husband the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively, and the court may, from time to time, modify its orders in these respects."

Section 138 of the code also provides:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

There is nothing in either of these sections which expressly or impliedly confers power to revoke or modify an installment for alimony, or for the education and maintenance of a minor child, issue of the marriage dissolved, which had accrued prior to the making of an ap-

.plication to vary or modify it, and in the language of the opinion in *Sistare v. Sistare, supra* (p. 22,) : Every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it."

So far as advised by any decisions of the supreme court of California on the subject, the power of the courts of that state is limited to modifications of future installments for alimony, or the support of minor children, and does not extend to those past due. That is to say, the power to modify such installments is prospective, and not retroactive.—*McKay v. McKay,* 125 Cal. 65; *Wolff v. Wolff,* 102 Cal. 433.

We therefore conclude that the judgment in favor of plaintiff for past due installments as rendered by the California court was absolutely enforceable, and hence, protected by the full faith and credit clause of the constitution, to which we have referred.

Some weeks after the judgment was rendered, defendant filed a petition to vacate it. In his petition he set up what purported to be an order of the California court, relieving him from the payment of alimony, which order was entered in September, 1904, and modified the original decree by striking therefrom that portion directing him to pay plaintiff the sum of ten dollars per month. This petition was denied, and, we think, properly. Defendant went to trial without any request for time within which to obtain a copy of the order set out in his petition, or showing that it was not within his power to produce it at that time.

The judgment of the county court is affirmed.

**Judgment** *affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL not participating.

Decided January A. D. 1912. Rehearing denied April 1, 1912.