(July 5, 1923.)

GEORGIA F. NARON CORMANA, Respondent, v. LEE H. NARON, Appellant.

[217 Pac. 597.]

JUDGMENTS — SISTER STATE — ENFORCEMENT OF JUDGMENT IN THIS STATE—LIMITATION OF ACTIONS—CONSTITUTIONAL LAW.

1. A judgment of a Colorado court directing a husband to pay a specified sum per month for the support and maintenance of his wife and minor child is a final judgment as to any instalments actually accrued, notwithstanding the judgment is subject to subsequent modification.

2. Where no modification of a decree rendered by a court of a sister state has been actually made prior to the maturity of such instalments, the instalments already accrued under such judgment constitute a debt which will support an action at law, and under sec. 1, art. 4, of the constitution of the United States such judgment is entitled to full faith and credit in an Idaho court.

3. Where a judgment is made payable in instalments, the statute of limitations applies to each instalment separately and does not begin to run on any instalment until it is due.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to enforce payment of past due instalments under a decree from the state of Colorado. Judgment for plaintiff. *Affirmed.*

J. M. Stevens, for Appellant.

The judgment rendered by the Colorado court in the divorce action is not a final judgment at law and is not within the full faith and credit clause of the constitution of the United States. (*Israel v. Israel*, 148 Fed. 576, 8 Ann.

Publisher's Note.

2. Right of action to recover instalments of alimony accruing under a decree rendered in another state, see notes in 59 L. R. A. 178; 9 L. R. A., N. S., 1168; L. R. A., N. S., 1068.

Cas. 697, 79 C. C. A. 32, 9 L. R. A., N. S., 1168; *Lynde v. Lynde,* 181 U. S. 183, 21 Sup. Ct. 555, 45 L. ed. 810; *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1061; *Hunt v. Monroe,* 32 Utah, 428, 91 Pac. 269, 11 L. R. A., N. S., 249; *Criteser v. Gaffey* (Tex.), 222 S. W. 193; *Page v. Page,* 189 Mass. 85, 4 Ann. Cas. 296, 75 N. E. 92; *Rowe v. Rowe,* 76 Or. 491, 149 Pac. 533; *Nixon v. Wright,* 146 Mich. 231, 10 Ann. Cas. 547, 109 N. W. 274; *Gilbert v. Gilbert,* 83 Ohio, 265, 94 N. E. 421, 35 L. R. A., N. S., 521; *Valiquet v. Valiquet,* 177 Fed. 994; *Wells v. Wells,* 209 Mass. 282, 95 N. E. 845, 35 L. R. A., N. S., 561; *Bleuer v. Bleuer,* 27 Okl. 25, 110 Pac. 736; *Van Horn v. Van Horn,* 48 Wash. 388, 125 Am. St. 940, 93 Pac. 670.)

Budge & Merrill, for Respondent.

Only that portion of the decree rendered by the Colorado court is subject to the defense of the statute of limitations as matured prior to six years before the commencement of the suit in the Idaho court. (*De Upray v. De Upray,* 23 Cal. 352; *Knapp v. Knapp,* 59 Fed. 641; *Simonton v. Simonton,* 33 Ida. 255, 193 Pac. 386.)

The decree rendered and entered by the Colorado court in the divorce action is, as to all past due instalments, a final judgment at law and must be given protection by the Idaho court under the full faith and credit clause of the constitution of the United States. (*Sistare v. Sistare,* 218 U. S. 1, 20 Ann. Cas. 1061, 30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A., N. S., 1068; *Hall v. Harrington,* 7 Colo. App. 474, 44 Pac. 365; *McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 390; *Levine v. Levine,* 95 Or. 94, 187 Pac. 609; *Simonton v. Simonton, supra.*)

BAUM, District Judge.—This case was submitted to the trial court under stipulation of facts, which stipulation, among other things, shows the following: The district court of El Paso county, Colorado, on October 18, 1913, in a certain action wherein Georgia F. Naron was plaintiff and

Lee H. Naron was defendant, entered its decree, which said decree contained, among other provisions, the following:

"The defendant, Lee H. Naron, pay to the plaintiff, Georgia F. Naron, the sum of $40.00 on or before the 5th day of each and every month for the support of herself and the said Louis Rex Naron; that said defendant, pay to the plaintiff within ten days from this date, the sum of $50.00 as her reasonable attorney's fees."

The decree further gave the custody and control of the minor child, Louis Rex Naron, to the plaintiff.

On November 10, 1919, the plaintiff above mentioned, who in the meantime had remarried, under the name of Georgia F. Naron Cormana, filed this suit in the fifth judicial district of the state of Idaho, for Bannock county, against appellant Lee H. Naron, who was defendant in the Colorado court, which action was brought to enforce past due instalments under the Colorado decree, in the sum of $2,890. Respondent maintains that decree had the force and effect of a judgment at law for the payment of money, and that by reason of sec. 1, art. 4, of the constitution of the United States, said Colorado decree was entitled to full faith and credit in the Idaho court. The appellant admits the entry of the decree as well as the nonpayment of any of the sums mentioned; but denies that the said decree had the effect of a final judgment for payment of money, or that it was within the purview of the full faith and credit clause of the federal constitution, and maintains that the action was barred by the statute of limitations in the state of Idaho; that subsequent to the divorce proceedings had in the Colorado court, respondent herein, on October 24, 1913, married one George A. Titus, and thereafter and during the year 1916, said marriage was dissolved; that thereafter during the same year, respondent again married, this time to one Clyde Cormana, with whom she is now living.

It was stipulated that the alimony awarded to the respondent under said Colorado decree was not based upon any property rights, but that such alimony was given to her for her support, and the support of the minor child, and that

at the time of the entry of said decree in question, to wit, on October 18, 1913, the law of Colorado touching matters of alimony, and custody of children, contained in sec. 2246 of the statutes of said state, is as follows:

"At all times after the filing of the complaint for a divorce, the court in term time, or the judge thereof in vacation, upon application, may make such order touching the care and custody of the children or any of them, as the circumstances of the case may warrant, and such court or judge may grant alimony and counsel fees *pendente lite,* and when divorce shall be decreed, may make such order and decree touching the alimony and maintenance of the wife or children, or either of them, as may be reasonable and just and may order the giving of security for the payment of such alimony, or enforce the payment thereof in any manner consistent with the practice of the court, or may decree a division of property; and in case of failure to pay alimony when the same is payable, by such order or decree, an execution may issue for the collection thereof; provided, that whenever an action has been brought for divorce by a wife and a final judgment of divorce has been rendered in her favor, the court upon application of the defendant, on notice and on proof of the remarriage of the plaintiff after such final judgment, shall, by order, modify such final judgment and any orders made with respect thereto, by annulling the provisions of such final judgment or orders, or of both, directing payments of money for the support of the plaintiff; provided, that this act shall in no way be construed to relieve a husband from the provisions of any judgment or order, so far as the same relates to the support of minor children."

The stipulation further recites that the decisions of the supreme court of the state of Colorado on such matters, as the same might be found recorded in the Pacific Reporter, enlightening and explaining the law of the state of Colorado on all matters affected by this suit, might be further considered by the trial court and taken as evidence of the law of said state.

Under such stipulation of facts the trial court rendered judgment in favor of respondent and against appellant herein, in the principal sum of $2,850 and costs, and the trial court further found that as to all instalments falling due under the judgment more than six years prior to the filing of the complaint, the statute of limitations applied.

From the judgment so rendered by the trial court, defendant, appellant herein, appealed and made the following assignments of error:

1. The court erred in rendering judgment in favor of the plaintiff upon the stipulated facts.

2. The court erred in holding that the judgment rendered in the decree of Colorado was a final judgment at law.

3. That there is no evidence or fact sustaining finding Number Five.

4. That the facts as stipulated are insufficient to warrant the court in granting judgment for the plaintiff.

This court in the case of *Simonton v. Simonton,* 33 Ida. 255, 193 Pac. 386, held that where a judgment is made payable in instalments, the statute of limitations applies to each instalment separately, and does not begin to run on any instalment until it is due.

Appellant contends that the judgment rendered by the Colorado court is not a final judgment at law, and that it is not within the full faith and credit clause of the constitution of the United States, and that at the date of the respondent's remarriage her right to further support from the appellant was lost.

The Colorado statute above referred to contains this provision:

". . . . Provided, that whenever an action has been brought for divorce by a wife and a final judgment of divorce has been rendered in her favor the court, upon application of the defendant, on notice and on proof of remarriage of the plaintiff after such final judgment shall, by order, modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders. . . . . "

The general rule of law is that the courts of one state will look to the decisions of the state wherein a decree is rendered to find whether or not under the authorities of that state, the decree is final, or whether by virtue of restrictions or right of the court to modify the same, it is not final, and in this case the statutes of the state of Colorado, and the decisions of the supreme court of that state, are controlling. While some appellate courts hold that a decree for alimony is not a final judgment for the payment of money, and as such coming within the purview of the full faith and credit clause of the federal constitution, the weight of authority and to our minds the better rule is to the effect that such a judgment is a final judgment, and one within the full faith and credit clause of the federal constitution.

The Colorado court in the case of *Hall v. Harrington,* 7 Colo. App. 474, 44 Pac. 365, holds that a decree of divorce, charging alimony against the husband, operates as a judgment against him, enforceable by execution. The Colorado statute referred to in the case above mentioned is as follows:

". . . . and in case of failure to pay alimony when the same is payable by such order and decree, an execution may issue for the collection thereof."

There appear to be no Colorado decisions construing the statute on the questions raised by appellant, but the Colorado court had occasion to construe the statutes of California, which are very similar to the Colorado statutes on this point, in the case of *McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 390, and in this particular case cited the case of *Sistare v. Sistare,* 218 U. S. 1, 20 Ann. Cas. 1061, 30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A., N. S., 1068, and followed it.

The rule laid down in the Sistare case is:

"A decree for the future payments of alimony is, as to instalments due and unpaid, within the protection of the full faith and credit clause of the federal constitution. Provided, that no modification of the decree was made prior to the maturity of such instalments, unless by the law of the state in which the decree was rendered, its enforcement is

so completely within the discretion of the courts of that state that they may annul or modify the decree, even as to the overdue, unsatisfied instalments.''

And in the same case the court further announced the correct rule to be:

"A judgment enforceable in the state where rendered must be given full effect in another state under the full faith and credit clause of the constitution, although the modes of procedure to enforce its collection may not be the same in both states.''

The stipulation contains nothing to the effect that the appellant ever sought to modify the judgment, and it clearly was not the duty of the court on its own motion to modify it. (*McGregor v. McGregor, supra.*)

This court in the case of *Simonton v. Simonton, supra,* approved the ruling in the case of *Sistare v. Sistare, supra,* also *McGregor v. McGregor, supra,* and in commenting on the decision last named had the following to say:

"The latter case sustaining an action in Colorado upon past due instalments awarded plaintiff by California decree and reviewing the California statutes so far as applicable, which are essentially the same as the Idaho statute, and following the rule announced in the Sistare case.''

The courts have also uniformly held that the power to modify such instalments is prospective and not retroactive. (*McKay v. McKay,* 125 Cal. 65, 57 Pac. 677; *Wolff v. Wolff,* 102 Cal. 433, 36 Pac. 767, 1037.)

It will be observed that the power of the Colorado court under the statute set out in the above stipulation is limited to the modification of judgment upon the application of the defendant, and as heretofore stated no attempt was made to obtain such a modification.

Under the stipulation of facts submitted to the trial court it clearly had authority to make finding number 5, of which appellant complains, which finding was as follows:

"5. That under and by virtue of the law of the state of Colorado, said decree rendered by the aforesaid court has

the force and effect of a judgment at law for the payment of said sums of money as they severally mature.''

We therefore conclude that the judgment in favor of the plaintiff for past due instalments as rendered by the Colorado court is enforceable, and hence protected by the full faith and credit clause of the constitution of the United States.

The judgment is affirmed. Costs awarded to respondent.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.