(No. 5727.   September 21, 1931.)

VERA SIMPSON, Appellant, v. D. H. SIMPSON, Respondent.

[4 Pac. (2d) 345.]

Guy L. Tyler and Carl C. Christensen, for Appellant.

Roy L. Black and O. R. Baum, for Respondent.

BUDGE, J.—Appeal is taken from an order modifying judgment of divorce with respect to payments for support and maintenance of the wife and minor child of the parties.

September 8, 1927, judgment of divorce upon default was awarded in favor of appellant upon grounds of extreme cruelty and custody of the minor child of the parties was awarded to appellant. The portion of the decree material to questions here involved is as follows:

"That the defendant (respondent) shall pay to the plaintiff, (appellant) for the support and maintenance of herself and the minor child of the parties, the sum of $50.00 for the month of September, 1927, and thereafter the sum of $62.50 per month, for each and every month thereafter as long as the plaintiff shall remain single, . . . . That all said payments shall be subject to the further orders of this Court. . . . . ''

January 21, 1931, upon motion of respondent, supported by his affidavit, an order was directed to appellant requiring her to appear and show cause on January 30, 1931, why the decree should not be modified to reduce the amount of alimony and support money from $62.50 per month to $25 per month. Appellant filed a verified return and answer to the order to show cause and thereafter respondent filed a counter-affidavit and the matter was submitted upon the two affidavits of respondent and the return and answer of appellant. January 30, 1931, the court made the order from which this appeal is taken modifying the decree as to payments for maintenance and support of appellant and her minor child to provide as follows:

"That beginning as of the next payment of maintenance and support money date, February 15, the defendant pay to the said plaintiff the sum of $20.00 and a like amount on the 1st of March, 1931, and a like amount every payday to the end that the said payments shall be the sum of $40.00 per month, of which amount $20.00 shall be payable on the 1st and $20.00 on the 15th until July 1, 1931, and until further order of the Court.

"It is further ordered that of the funds now due that the said defendant herein shall be entitled to full satisfac-

tion of the amounts so due by the payment of the sum of $56.25 together with costs of such levy."

Appellant contends that no substantial or permanent change in the conditions or circumstances of the parties was shown justifying a modification of the decree. The power to modify such a decree is given by the provisions of Idaho Compiled Statutes, secs. 4643 and 4644 and by the decree itself. However, the rule is well established that the authority to modify such a decree can only be exercised upon a showing of material, permanent and substantial change in the circumstances and conditions of the parties (*Humbird v. Humbird*, 42 Ida. 29, 243 Pac. 827; *Chaffee v. Chaffee*, 63 Utah, 261, 225 Pac. 76; 2 Schouler on Divorce, 6th ed., sec. 1831; 19 C. J. 273; 1 R. C. L. 948), and the burden of showing such changed circumstances is upon the party seeking the modification.

"The rule that the party who is seeking affirmative relief has the burden of proof is one which necessarily underlies all our procedure." (*Jaycox v. Varnum*, 39 Ida. 78, 92, 226 Pac. 285.)

We must therefore determine whether such showing of changed circumstances was made as would justify the exercise of the discretionary powers of the lower court in modifying the decree.

In his affidavit upon which the order to show cause was issued respondent avers that since the date of said decree he has remarried. Remarriage of divorced husband is no ground for reducing the amount of alimony and support money to former wife and minor child, even though such remarriage is a drain on his financial resources. (*Humbird v. Humbird, supra; State v. Brown*, 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974; 19 C. J. 276; note, 30 A. L. R. 79.)

Showing was also made by respondent with respect to asserted changed circumstances as to his earnings, which may be analyzed as follows: We find the decree based upon allegations presumably proven showing respondent's average monthly earnings as railroad engineer of $250.

Respondent concedes in his affidavit that at the time of the entry of the decree his average monthly earnings were from $280 to $300, and he avers that he has no other property and must depend on his earnings as railroad engineer. Appellant, from information furnished by an official of respondent's employer, sets forth in exact amounts respondent's earnings for each of the last six months of 1930, totalling $1,393.53, which figures respondent avers are incorrect. From respondent's counter-affidavit we find the parties agreed upon the earnings for December, 1930, and respondent's averment that he earned a fair-sized salary in August and September corresponds substantially with the figures furnished by appellant. With respect to the earnings of the other months appellant sets forth the exact amounts while respondent contents himself with denying their accuracy, notwithstanding he had personal knowledge of the amounts, could by subpoena have produced the records of his employer, and the burden of proof rested upon him. In this state of the record we must assume appellant's figures to be correct. Appellant also avers that respondent, during said period was laid off for approximately one month for infraction of rules, which is not denied. Thus, from the showing made by the parties, respondent's average monthly earnings for the last six months of 1930 were in excess of $230, and if his probable earnings for the month he was laid off due to his own misconduct be considered, such average monthly earnings would exceed $250, the amount upon which the decree was based. Respondent admits in his affidavit that he has been able to put in satisfactory time and work in January, 1931. It is thus apparent that upon the question of earnings there has been no substantial change of circumstances and the showing made was not sufficient to justify the exercise of the discretionary powers of the lower court in modifying the decree with respect to payments for maintenance and support.

Appellant also contends that the court erred in its order satisfying delinquent past due instalments by partial

payment thereof. By respondent's own admission it is shown that at the time of the hearing he was in arrears $85 upon past due instalments of maintenance and support payable in December, 1930, and January, 1931. By its order the court, upon its own motion, such relief not being sought or requested by respondent, gave full satisfaction of said amount to respondent "by payment of the sum of $56.25 together with costs of such levy." The courts have uniformly held that the power to modify such instalments is prospective and not retroactive. (*Cormana v. Naron,* 37 Ida. 482, 488, 217 Pac. 597, citing *McKay v. McKay,* 125 Cal. 65, 57 Pac. 677; *Wolff v. Wolff,* 102 Cal. 433, 36 Pac. 767, 1037.) In *Cormana v. Naron, supra,* this court followed the rule announced in *Sistare* v. *Sistare,* 218 U. S. 1, 20 Ann. Cas. 1061, 28 L. R. A., N. S., 1068, 30 Sup. Ct. 682, 54 L. ed. 905, and held that a decree rendered by a Colorado court in a divorce action was, as to all past due instalments, a final judgment at law, and as such entitled to protection under the full faith and credit clause of the Constitution of the United States. The case of *Sistare v. Sistare, supra,* was also approved by this court in *Simonton v. Simonton,* 33 Ida. 255, 263, 193 Pac. 386, where it was said:

"The order directing the deceased to pay appellant $15 per month was not an interlocutory order, under the weight of authority, but a final judgment as to instalments actually accrued. The inclusion of the words 'until further order of this court' did not alter the nature of the decree, for the reason that such an order, although final as to instalments actually accrued (*McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 390), is always subject to subsequent modification as to future payments upon an appropriate application and showing of changed conditions necessitating such modification."

To the same effect see: *Soule v. Soule,* 4 Cal. App. 97, 87 Pac. 205; *Parker v. Parker,* 203 Cal. 787, 266 Pac. 283. The lower court was therefore in error in satisfying the delin-

quent instalments actually accrued prior to the date of the order upon partial payment thereof.

The order appealed from is reversed, except as to that portion providing for payment of fees to appellant's attorneys for services in connection with the hearing upon the order to show cause, and except as to that portion requiring respondent to pay costs of levy of execution. Costs are awarded to appellant.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.